IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| AL HAMILTON CONTRACTING CO., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DIRK KEMPTHORNE, SECRETARY OF )<br>THE UNITED STATES DEPARTMENT )<br>OF THE INTERIOR, )<br>)<br>Defendant. )<br>) | Civil Action No. _____ |

**COMPLAINT**
**AND PETITION FOR REVIEW**

Plaintiff, Al Hamilton Contracting Co., ("Hamilton") brings this action against the Defendant, Dirk Kempthorne as Secretary of the United States Department of the Interior (the "Secretary"), to obtain judicial review of a decision issued by the Interior Board of Land Appeals (the "IBLA" or "the Board") in *Al Hamilton Contracting Co. v. Office of Surface Mining Reclamation and Enforcement*, 172 IBLA 83 (August 2, 2007) ("the Board decision"). A copy of the Board decision is attached as Exhibit A to this Complaint and Petition for Judicial Review.

**JURISDICTION AND VENUE**

1. Hamilton invokes the jurisdiction of this Court pursuant to 30 U.S.C. § 1276(a)(2), which provides, among other things, that any order or decision of the Secretary in a surface coal mining proceeding required to be conducted pursuant to 5 U.S.C. § 554 shall be subject to judicial review on or before 30 days from the date of such order or decision in the United States District Court for the district in which the surface coal mining operation is located.

2.  The Board decision involved the review of two Notices of Violation (NOV Nos. 94-121-377-01 and 95-121-377-01) issued to Hamilton by the Office of Surface Mining Reclamation & Enforcement ("OSM"), an agency within the U.S. Department of the Interior. The provisions of 30 U.S.C. § 1275(a) provide that an application for review of a notice or order issued by the Secretary shall be subject to Section 554 of Title 5 of the United States Code. Pursuant to 43 C.F.R. § 4.1101, the Board exercises the Secretary's final decision-making authority under the federal Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C.§§ 1201 *et seq.* For these reasons, the Board decision is a final decision of the Secretary in a "proceeding required to be conducted pursuant to 5 U.S.C. § 554" within the meaning of 30 U.S.C. § 1276(a)(2).

3.  The Board decision concerns an operation located in Clearfield County, Pennsylvania, within the geographical jurisdiction of this Court.

4.  The issues raised by the Board decision and the underlying Notices of Violation involve a federal question arising under the laws of the United States over which this Court has original jurisdiction, 28 U.S.C § 1331.

## PARTIES

5.  The Plaintiff, Al Hamilton Contracting Co., is a Pennsylvania corporation. Hamilton was issued Notices of Violation Nos. 94-121-377-01 and 95-121-377-01 by the OSM and has an interest that is or may be adversely affected by these notices and the Board decision reviewing them.

6.  Defendant, Dirk Kempthorne, as Secretary of the U.S. Department of the Interior, is responsible for, among other things, administering the programs for controlling surface coal mining operations under the Surface Mining Control and Reclamation Act of 1977. The OSM is

an agency within the U.S. Department of the Interior and the Board decision is the Secretary's final administrative action with respect to the notices of violation issued by the OSM.

## FACTUAL BACKGROUND

7. On May 23, 1977, the Pennsylvania Department of Environmental Resources ("PADER")[1] issued Mine Drainage Permit ("MDP") No. 4577SM8 to Hamilton for surface mining activities at its Caledonia Pike mine near Grimes Run in Covington Township, Clearfield County, Pennsylvania.

8. After the passage and implementation of SMCRA, all mine operators who chose to continue mining under that statute were required to obtain new "permanent program" permits from the state regulatory agency authorized by SMCRA to enforce the Secretary-approved state law in that jurisdiction.

9. PADER was granted "primacy" by the Secretary to enforce its mining law within the Commonwealth of Pennsylvania on July 31, 1982.

10. Hamilton subsequently applied to PADER and received permanent program Surface Mining Permit No. 17773155 ("SMP") for a portion of the area included within its MDP.

11. On February 22, 1988, PADER issued Hamilton Compliance Order No. 88H008 (the "PADER Compliance Order") for causing or allowing six water discharges from its mine site in violation of the applicable effluent limitations.

12. Hamilton appealed the PADER Compliance Order to the Pennsylvania Environmental Hearing Board (the "EHB"), an independent body created by statute to provide exclusive review of PADER's and other agencies' administrative actions under more than fifty

---

[1] PADER subsequently changed its name to the Pennsylvania Department of Environmental Protection on July 1, 1995, but this change is not material to this action.

statutes. The EHB conducts *de novo* hearings of agency action, and its decisions are appealable by right to Commonwealth Court, and subsequently by discretionary appeal to the Supreme Court of Pennsylvania.

13. The EHB and its subsequent appeal procedures are an approved part of the Pennsylvania regulatory program.

14. After almost 6 years of litigation and several evidentiary hearings at the EHB, on July 27, 1994, the EHB issued its final Adjudication finding that PADER had failed to establish that the discharges were on Hamilton's permits or that they were hydrogeologically connected to those discharges, and sustained Hamilton's appeal, in its entirety, from the Compliance Order. *See* 1992 EHB 1747; 1994 EHB 1074.

15. PADER subsequently appealed the EHB Adjudication to the Commonwealth Court of Pennsylvania, which affirmed the EHB in a decision styled ***Commonwealth, Department of Environmental Resources v. Al Hamilton Contracting Company, Inc.***, 665 A.2d 849 (Pa. Commw. 1995). PADER's subsequent petition for allowance of appeal to the Supreme Court of Pennsylvania was denied. ***Commonwealth, Department of Environmental Resources v. Al Hamilton Contracting Company, Inc.***, 546 Pa. 680, 686 A.2d 1310 (1996).

16. In response to the final EHB Adjudication vacating PADER's Compliance Order, Hamilton ceased treating the discharges.

17. Following the EHB Adjudication, OSM conducted an inspection of the Caledonia mine site, confirming that water treatment had stopped and advised PADER that the "EHB ruling was arbitrary and capricious."

18. OSM further advised PADER through the oversight procedure known as a "Ten-Day-Notice," that unless it took "appropriate action" to cause Hamilton to correct the discharges,

it would take direct enforcement action against Hamilton. PADER advised OSM that it would take no further action against Hamilton pending its judicial appeal of the EHB Adjudication.

19. On December 5, 1994, OSM issued NOV 94-121-377-01 to Hamilton, ordering that it treat the discharges previously cited by PADER in Compliance Order No. 88H008.

20. On February 14, 1995, OSM issued NOV 95-121-377-01 to Hamilton, ordering that it treat a discharge from the southwest side of its permit into an unnamed tributary of Sandy Creek.

21. In January and March 1995 respectively, Hamilton filed timely applications for administrative review of NOV 94-121-377-01 and NOV 95-121-377-01.

22. An administrative hearing was conducted by Administrative Law Judge Marcel S. Greenia on February 14 to 16, 2000, and January 8, 2001, who upheld the NOVs and dismissed Hamilton's petition for review on March 20, 2002.

23. Hamilton subsequently appealed ALJ Greenia's decision to the IBLA, which affirmed his decision, as modified, by a split 2-1 decision on August 2, 2007.

## CAUSE OF ACTION

24. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 23 above.

25. The Board's decision is arbitrary, capricious, or otherwise inconsistent with law because PADER took appropriate action, or had good cause for its failure to take appropriate action in response to OSM's Ten-Day-Notice.

26. The Board's decision is arbitrary, capricious, or otherwise inconsistent with law because it is contrary to the Secretary's own regulations and because it is based upon an improper interpretation and application of SMCRA and its regulations.

27. The Board's decision is arbitrary, capricious, or otherwise inconsistent with law since the OSM enforcement action constitutes an impermissible "overfilling" of state enforcement action.

28. The Board's decision is arbitrary, capricious, or otherwise inconsistent with law because a final decision of the PADER determined that, in conformity with PADER's regulatory program approved by the Secretary, Hamilton was not in violation of the requirements of SMCRA or the efficient limitations of its permit.

29. The Board's decision is arbitrary, capricious, or otherwise inconsistent with law because it is not supported by substantial evidence.

30. The Board's decision is arbitrary, capricious, and otherwise inconsistent with federal law, the Administrative Procedures Act, and other applicable statutory and case law.

### REQUEST FOR RELIEF

The Plaintiff, Al Hamilton Contracting Co., requests that the Court reverse the Board decision, find that OSM lacked authority to issue NOV 94-121-377-01 and NOV 95-121-377-01, and vacate both NOVs. Hamilton also requests an award of costs and expenses, including but not limited to reasonable attorney and expert witness fees. Finally, Hamilton requests such other and further relief as the facts of the case may merit and as the court may deem just and proper.

Dated: August 29, 2007

Respectfully submitted,

*[signature]*

Alan F. Kirk, Esq.
E-mail: akirk@bccz.com
PA Bar ID# 36893
Kevin L. Barley, Esq.
E-mail: kbarley@bccz.com
PA Bar ID# 85976
Babst, Calland, Clements & Zomnir, P.C.
328 Innovation Blvd., STE 200
State College, PA 16803
Telephone: (814) 867-8055
Fax:: (814) 867-8051

Stephen G. Allen, Esq.
E-mail: sallen@stites.com
PA Bar ID# 56377
Jennifer E. Drust, Esq.
E-mail: jdrust@stites.com
PA Bar ID# 233154
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, KY 40507-1758
Telephone: (859) 226-2300
Fax: (859) 253-9144

COUNSEL FOR PLAINTIFF
AL HAMILTON CONTRACTING CO.

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Complaint and Petition for Review via Certified Mail on the following:

Dirk Kempthorne
Secretary
U.S. Department of the Interior
1849 C Street, NW
Washington, DC 20240

Mary Beth Buchanan
United States Attorney
United States Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*[signature]*